**In re David A. & Nina ENTREKIN, Debtor(s).**

**AMERICAN MACHINERY & ENGINEERING CORP., Plaintiff,**

v.

**David A. & Nina ENTREKIN, Defendants.**

Bankruptcy No. 83–02348–BKC–TCB.
Adv. No. 84–0168–BKC–TCB–A.

United States Bankruptcy Court, S.D. Florida.

May 25, 1984.

Angus Campbell, West Palm Beach, Fla., for plaintiff.

Robert C. Furr, Boca Raton, Fla., for defendants.

**MEMORANDUM DECISION**

THOMAS C. BRITTON, Bankruptcy Judge.

Plaintiff seeks exception from discharge under 11 U.S.C. § 523(a)(4) of two claims against the debtors in the aggregate amount of $62,051. A third count was abandoned at trial. The debtors have answered. The matter was tried on May 1.

The debtors are computer programmers who were employed in California by the plaintiff in connection with plaintiff's performance of a contract to provide an automated warehouse for a third party. During the course of employment, the debtor/husband stole $25,350 from the plaintiff through a false invoice. The debtor/wife is jointly responsible with her husband for this obligation.

Also during the employment, the debtors defrauded the plaintiff by obtaining reim-

bursement on false expense statements. Although plaintiff claims that the measure of damages on this count is $36,701, I find from the evidence that the actual damage sustained was $3,852.

The debtors' misconduct was discovered and acknowledged by the debtors who immediately abandoned the job. The third party with whom the plaintiff had contracted demanded completion of the contract and threatened an action for damages. On the following day, plaintiff contracted with the debtors to reemploy them to complete the job at a higher rate of pay than that stipulated in the original contract. The debtors completed the job. The plaintiff received credit under the contract for the stolen money and, from this fact, the debtors contend that the claim for $25,350 was satisfied in full.

The plaintiff argues that his reemployment of the debtors was under economic compulsion forced on him by the debtors' abandonment of their contract and resulted in plaintiff being forced to pay $51,129 more than the original contract price for the debtors' services. I agree with plaintiff. California law is controlling in this instance and:

> "A threatened breach of contract in bad faith with the intent to force another to do something he would not otherwise have been willing to do can constitute economic compulsion." *Louisville Title Insurance Co. v. Surety Title and Guarantee Co.*, 60 Cal.App. 3rd 781, 800, 132 Cal.Rptr. 63 (1976).

See also *Thompson Crane and Trucking Co. v. Eyman*, 123 Cal.App. 2d 904, 910, 267 P.2d 1043 (1954).

I find that the plaintiff is owed $29,202 by the debtors, jointly and severally, for fraud or defalcation on their part while acting in a fiduciary capacity. As is required by B.R. 9021(a), a separate judgment will be entered in that sum and excepting that claim from discharge under § 523(a)(4).